IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02255-DDD-MEH

MAXIMUS, INC., a Virginia corporation,

    Plaintiff,

v.

NETAPP, INC., a Delaware corporation,

    Defendant.

## DEFENDANT NETAPP'S DESIGNATION OF NONPARTY AT FAULT

Pursuant to C.R.S. § 13-21-111.5(3)(b) and the Court's Scheduling Order (Doc. 26 at 7), Defendant NetApp, Inc. ("NetApp") hereby designates the following nonparty at fault.

**Nonparty:** As described below, NetApp designates Trace3, LLC ("Trace3") as a nonparty wholly or partially at fault for the alleged damages of Plaintiff Maximus, Inc. ("Maximus"). Trace3's address is 4601 DTC Blvd #400, Denver, CO 80237.

**Brief Statement of the Basis for Designation:** Maximus's Second Amended Complaint alleges that NetApp designed and delivered to Maximus data storage systems ("Data Storage Systems") that were inadequate and not able to perform per Maximus's stated specifications. (*See, e.g.*, Doc. 31 ¶¶ 6-18.) Maximus further alleges the NetApp made misrepresentations to Maximus, or failed to disclose important information to Maximus, concerning the Data Storage Systems. (*See, e.g.*, *id.* ¶¶ 40-49, 70-107.) NetApp disputes Maximus's contention that NetApp bears any responsibility or fault for Maximus's alleged issues with the Data Storage Systems, or any alleged damages resulting therefrom.

- 2 -

In the alternative, if NetApp bears any responsibility or fault for Maximus's alleged damages (which it denies), Trace3 is a nonparty wholly or partially at fault. The basis for NetApp's designation of Trace3 as a nonparty at fault is, on information and belief, as follows: Trace3 was involved in nearly every aspect of the sale of the Data Storage Systems to Maximus. Trace3 communicated with NetApp and Maximus regarding the characteristics of Maximus's data storage environment, Maximus's requirements for its new data storage system, and the capabilities of NetApp's data storage products. Trace3 advised Maximus regarding the design of the Data Storage Systems. Trace3, as a NetApp reseller, sold the Data Storage Systems to Maximus and was involved in negotiating pricing for the Data Storage Systems. Trace3 advised Maximus regarding strategies for implementing the Data Storage Systems and migrating data from Maximus's pre-existing systems to the Data Storage Systems. Trace3 advised Maximus regarding strategies for improving the performance of the Data Storage Systems. Trace3 had a duty to Maximus to exercise reasonable care or competence in its interactions with Maximus described above. To the extent any party other than Maximus is responsible for Maximus's alleged damages, Trace3 is wholly or partially at fault for such damages for failure to exercise such reasonable care or competence.

Dated: March 31, 2023　　　　　　　　　DAVIS GRAHAM & STUBBS LLP

　　　　　　　　　　　　　　　　　　　*s/ Daniel A. Richards*
　　　　　　　　　　　　　　　　　　　Kenzo Kawanabe
　　　　　　　　　　　　　　　　　　　Daniel A. Richards
　　　　　　　　　　　　　　　　　　　1550 17th Street, Suite 500
　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　Telephone:　303.892.9400
　　　　　　　　　　　　　　　　　　　Facsimile:　303.893.1379
　　　　　　　　　　　　　　　　　　　Email:　　　kenzo.kawanabe@dgslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　daniel.richards@dgslaw.com

　　　　　　　　　　　　　　　　　　　Attorneys for Defendant